NOTICE

Decision filed 02/16/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231021-U

NO. 5-23-1021

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* ADOPTION OF HAYDEN B., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Jennifer C. and Shaun C., | ) | Madison County. |
| | ) | |
| Petitioners-Appellees, | ) | |
| | ) | No. 23-AD-57 |
| v. | ) | |
| | ) | |
| Robert B., | ) | Honorable |
| | ) | Martin J. Mengarelli, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Vaughan and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Where evidence showed that respondent had not had any contact with his son for approximately 12 years and had been convicted of first degree murder and seven other felonies, and his 35-year prison sentence would not allow him to have a meaningful relationship with his son in any event, the circuit court reasonably found him an unfit parent, terminated his parental rights, and allowed him to be adopted by his mother and stepfather. As any contrary argument would be frivolous, we allow appointed counsel to withdraw and affirm the circuit court's judgment.

¶ 2    Jennifer C. and Shaun C. filed a petition to adopt Hayden B. They alleged that his father, Robert B., was an unfit parent and asked the court to terminate his parental rights and allow them to adopt Hayden. The court granted the petition and respondent appealed.

¶ 3    His appointed appellate counsel has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, she has filed a motion for leave to withdraw as

1

counsel and an accompanying memorandum. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has notified respondent of her motion, and this court has given him ample opportunity to respond. However, he has not done so. After reviewing the record on appeal and counsel's motion and supporting memorandum, we agree that there is no issue that could support an appeal. Accordingly, we grant the motion to withdraw and affirm the circuit court's orders.

¶ 4                                    BACKGROUND

¶ 5    Jennifer C. is Hayden's mother and Shaun C. is her husband. Respondent is Hayden's biological father. The petition alleged that respondent was unfit in that he (1) failed to maintain a reasonable degree of interest, concern, or responsibility for the minor's welfare; (2) showed an intent to forego his parental rights by failing, for more than 12 months, to visit, communicate with, or plan for the future of the minor; (3) failed to provide food, clothing, or shelter for the minor; (4) had been convicted of first degree murder; and (5) had been convicted of eight felonies, two within the previous five years.

¶ 6    The circuit court conducted a fitness hearing at which Jennifer C. testified that respondent last saw Hayden in 2011. Since then, he had not attempted to contact Hayden, had not sent him any cards, letters, gifts, or financial support, or reached out to her or any of her family members to attempt to contact him. She said that respondent could have contacted her on Facebook but had not done so. She attempted to find him on Facebook but could not do so. She denied that she had attempted to hide Hayden from respondent.

¶ 7    Respondent testified that Hayden lived with him until 2011, when Jennifer C. "took off with him." Since that time, he had attempted to locate him without success. He contacted Jennifer's family members, but they told him that he "needed to stay away from" Hayden and encouraged

2

him to relinquish his parental rights. He had heard that his mother had been seeing Jennifer and Hayden in 2014 or 2015 and she, too, tried to persuade him to relinquish his parental rights.

¶ 8 Respondent acknowledged that he was serving a lengthy prison sentence after pleading guilty, but maintained his innocence and said that he was appealing. He acknowledged having a "criminal history," but insisted it would not negatively impact his son. He maintained that Jennifer had been with him "doing the exact same thing." He attempted to legally establish his parentage of Hayden but was not allowed to do so.

¶ 9 The court found that petitioners had proved by clear and convincing evidence that respondent was unfit for each of the reasons listed in the petition. The court then proceeded to a best-interest hearing.

¶ 10 Jennifer testified that Hayden would not know respondent if he saw him. She believed that his incarceration would make it impossible for him to have a meaningful father-son relationship with Hayden.She had told Hayden who his father was but did not talk about respondent around him. However, she had not done anything to interfere with his ability to form a relationship.

¶ 11 Respondent testified that having a relationship with his son would be beneficial because he was his biological father, and his entire family could be a part of his life. Respondent did not believe that he was a criminal, noting that most of his convictions were for drug possession, in which Jennifer was also involved. He believed that Jennifer had purposely kept his son away from him.

¶ 12 The guardian *ad litem* recommended that respondent's parental rights be terminated. The court found that it was in Hayden's best interest to terminate respondent's parental rights.

¶ 13 In the final portion of the proceedings, Jennifer testified that she and Shaun had been together for 10 years. During that time, Shaun had been raising and supporting Hayden as his son.

3

Shaun testified that he loved Hayden, treated him as his son, and believed it was in Hayden's best interests for the adoption to be approved. The guardian *ad litem* agreed that it was in Hayden's best interest to proceed with the adoption.

¶ 14    The court subsequently entered formal orders finding respondent unfit, terminating his parental rights, and approving the adoption. Respondent timely appeals.

¶ 15                                      ANALYSIS

¶ 16    Respondent's appointed counsel concludes that there are no reasonably meritorious issues that could support an appeal. We agree.

¶ 17    The Adoption Act (Act) allows private parties to petition to adopt a child. 750 ILCS 50/2 (West 2020). To adopt a minor, if the biological parents do not consent, the petitioners must prove that the biological parents are unfit. *In re Chilean D.*, 304 Ill. App. 3d 580, 582-83 (1999). This requires a two-step process: the court must first decide whether the parent is unfit. *Id.* If the petitioners prove by clear and convincing evidence one or more of the grounds for unfitness under the Act, the court then decides whether terminating the biological parent's rights and allowing the minor's adoption would be in his or her best interest. *Id.*

¶ 18    The Act provides several grounds for finding a parent unfit. 750 ILCS 50/1 (West 2020). Here, petitioners alleged that respondent was unfit in that he failed to maintain a reasonable degree of interest, concern, or responsibility for the minor's welfare, showed an intent to forego his parental rights by failing, for more than 12 months, to visit, communicate with, or plan for the future of the minor, failed to provide Hayden with food, clothing, or shelter, and was depraved, having been convicted of first degree murder and of eight total felonies, two within the previous five years. The court found that petitioners had proved each ground alleged.

4

¶ 19    Counsel concludes that there is no meritorious argument that the court erred in finding respondent unfit on the grounds of failing to maintain reasonable interest, concern, or responsibility, failing to communicate with Hayden, and failing to support him.

¶ 20    When a parent is alleged to be unfit for failing to maintain a reasonable degree of interest, concern, or responsibility, the court must " 'examine the parent's efforts to communicate with and show interest in the child, not the success of those efforts.' " *In re Adoption of L.T.M.*, 214 Ill. 2d 60, 68 (2005) (quoting *In re Adoption of Syck*, 138 Ill. 2d 255, 279 (1990)).

¶ 21    Jennifer testified that since 2011 respondent had made no effort to contact Hayden or provide him with any support. Of course, respondent testified to a much different version of events, claiming that Jennifer and her family actively hid Hayden's whereabouts from him. However, he acknowledged that his mother was apparently in contact with both Jennifer and Hayden during this time and he was able to contact virtually all of Jennifer's relatives in the area. Moreover, Jennifer testified that she was on Facebook, but respondent made no attempt to contact her there. Thus, the court could reasonably credit Jennifer's testimony and reject respondent's contrary version. See *id.* at 68-69 (circuit court properly rejected respondent's testimony that he diligently tried to find his child, but that petitioner frustrated those efforts).

¶ 22    The same analysis applies to evidence of respondent's intent to forego his parental rights by failing to communicate with the minor and his failure to provide support. Jennifer testified that respondent did not contact Hayden for nearly 12 years and did not provide any support for him during this time. The court again reasonably rejected respondent's testimony that Jennifer and her family frustrated his efforts to do so.

¶ 23    Counsel further concludes, however, that even if we disagreed with the court's findings on the first three alleged grounds of unfitness, the evidence unquestionably proved respondent's

depravity. The Act provides that a conviction of first degree murder "shall create a presumption that a parent is depraved which can be overcome only by clear and convincing evidence." 750 ILCS 50/1(D)(i) (West 2020). Moreover, a rebuttable presumption of depravity exists where a parent "has been criminally convicted of at least 3 felonies under the laws of this State *** and at least one of these convictions took place within 5 years of the filing of the petition." *Id.* A court may properly base a finding of depravity and parental unfitness on repeated incarcerations, regardless of other evidence demonstrating unfitness. *In re Sheltanya S.*, 309 Ill. App. 3d 941, 954 (1999).

¶ 24    Here, the court took judicial notice that respondent had been convicted of first degree murder in Madison County and a total of eight felonies, at least three of which convictions occurred within five years of the petition's filing. While respondent generally proclaimed his innocence with regard to the murder conviction and claimed it was "on appeal," the circuit court was well within its prerogative to find (implicitly) that respondent's vague denial was not clear and convincing evidence of his lack of depravity. See 750 ILCS 50/1(D)(i) (West 2020). Similarly, although respondent attempted to minimize his responsibility for the other offenses, the court could reasonably find that he failed to overcome the presumption. See *id.*

¶ 25    Counsel further finds no good-faith argument that the court's findings that Hayden's best interest required terminating respondent's parental rights and allowing the adoption to go forward were against the manifest weight of the evidence. As noted, if the court finds the biological parent unfit, it then decides whether terminating that parent's rights and allowing the minor's adoption would be in his or her best interest. *Id.* Once the court has found a parent unfit, that parent's rights must yield to the child's best interest. *In re D.M.*, 298 Ill. App. 3d 574, 581 (1998).

¶ 26 Here, Jennifer is Hayden's biological mother. Hayden currently lives with Jennifer and Shaun, her husband of more than 10 years. She testified that respondent has not had contact with Hayden for more than 10 years and that Hayden likely would not know respondent. Shaun testified that he considers Hayden his son. Moreover, respondent is serving a 35-year prison sentence. Thus, having any meaningful relationship with Hayden, who is now 14 years old, would be virtually impossible. Accordingly, the court's findings regarding Hayden's best interest were not against the manifest weight of the evidence.

¶ 27 Finally, counsel considered an argument that respondent was denied the effective assistance of counsel. Parents are entitled to effective assistance of counsel in proceedings that seek the termination of their parental rights. *In re W.L.W. III*, 299 Ill. App. 3d 881, 885 (1998). To demonstrate that counsel was ineffective, a party must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the outcome of the proceedings would have been different. *Id.*

¶ 28 Like appellate counsel, we are unable to find an example of objectively unreasonable performance by trial counsel. Even if an example of substandard representation could be found, however, the evidence overwhelmingly demonstrated respondent's unfitness and that Hayden's best interest required termination of his parental rights. Thus, respondent could not demonstrate prejudice in any event.

¶ 29                                            CONCLUSION

¶ 30 As this appeal presents no issue of arguable merit, we grant appointed counsel leave to withdraw and affirm the circuit court's judgment.

¶ 31 Motion granted; judgment affirmed.